WHITE v. KENYON.

(Supreme Court, Appellate Division, Fourth Department.   July 26, 1898.)

1. ESTOPPEL IN PAIS.
    A grantee of a deed stipulating that he should pay the interest on certain mortgages on the property conveyed is estopped, after payment of such interest on two occasions, to say that he did not know of the condition, and is not bound by it.
2. CONTRACT—ACTION FOR BREACH—DAMAGES.
    In a law action for damages for failure to pay interest on mortgages as provided in a conveyance, interest accruing after the commencement of the suit cannot be recovered.

Appeal from trial term, Erie county.

Action by Truman C. White against Huntington R. Kenyon.   There was a judgment for plaintiff, and defendant appeals.   Modified.

This action was brought on the law side of the court, to recover damages alleged to have been sustained by the plaintiff by reason of a breach of an agreement entered into by the defendant in respect to certain mortgages upon a parcel of real estate consisting of some 49 acres in Erie county, in which the plaintiff was interested as owner and as lienor.   Two mortgages had been executed and were liens upon the premises, and the plaintiff had become personally liable for the payment of $6,000 on two several mortgages, upon each of which there remained unpaid $3,000.   The plaintiff conveyed the premises covered by the mortgages to one Bain, who assumed and agreed to pay the mortgages.   Bain thereafter conveyed the premises to this defendant, who agreed to pay the interest on said mortgages according to their terms and conditions.   The mortgages were foreclosed on account of default in payment of interest, and this plaintiff was compelled to, and did, pay by reason thereof; and he was compelled to become the purchaser at the foreclosure of one of the mortgages for the purpose of protecting subsequent liens which he had against the premises; and the plaintiff claims to be subrogated to the rights of the owner of the mortgages, and entitled to all the rights which she had therein and to any covenants to pay the same.   On the 7th of November, 1892, Bain and wife conveyed to this defendant an undivided one-fifth of the premises described in the complaint, and in that deed was inserted the following language:   "This conveyance is made and accepted subject to one mortgage covering said premises, and recorded in Erie county, clerk's office, in Liber 557 of Mortgages, at page 552, on which there is unpaid three thousand ($3,000) dollars, and three thousand ($3,000) dollars of a certain other mortgage made by one Truman C. White, and recorded in Erie county clerk's office, in Liber 593 of Mortgages, at page 600; said party of the second part to pay interest on said amounts from July 1st, 1892."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Edward C. Randell, for appellant.
Eugene M. Bartlett, for respondent.

PER CURIAM.   The issues in this action were brought to trial before a trial term, the parties assuming that the action was one at law.   After the trial was entered upon, the parties waived the jury,

and the trial court proceeded to decide the action. The trial judge found, viz.:

"(20) That, to secure a part of the purchase price of the lands and premises so as aforesaid conveyed to him by said Harry N. Bain and wife, the said defendant, Huntington R. Kenyon, according to wording and condition of said conveyance, assumed and agreed to pay interest from and after July 1, 1892, on the $3,000 of principal, which then remained unpaid upon and secured to be paid by the mortgage for $3,650, so as aforesaid by Peter P. Burtis to Mary A. Adams, according to the terms and conditions of said $3,650 mortgage and the bond accompanying the same. (21) That, to secure another part of the purchase price of the lands and premises so as aforesaid conveyed to him by the said Harry N. Bain and wife, the said defendant, Huntington R. ·Kenyon, according to wording and conditions of said conveyance, assumed and agreed to pay the interest from and after June 26, 1892, on $3,000 of the principal sum secured to be paid by and unpaid on the $7,000 bond and mortgage, so as aforesaid given to said Mary A. Adams by said Truman C. White and Seward A. Simons, according to the terms and conditions of said $7,000 bond and mortgage. (21½) That, at the time the said Kenyon accepted the deed of conveyance from the said Bain, he was ignorant that the said conveyance contained a condition or provision by which he assumed or agreed to pay the interest upon the mortgage indebtedness set out in findings 20, 21, herein; that the said Kenyon received said deed of conveyance after the record thereof, and has ever since retained the same, and has made payments upon the interest due upon the mortgage indebtedness mentioned in findings 20 and 21."

· The court also found:

"(23) That the defendant, Huntington R. Kenyon, failed to pay $90 of interest, which became due and payable thereon by the terms of said $3,650 bond and mortgage on the 1st day of July, 1893; and thereupon the said Mary A. Adams declared the whole principal sum secured to be paid thereby due and payable forthwith, by virtue of a provision in said bond and mortgage authorizing her so to do. (24) That said Kenyon also failed to pay $90 of interest which became due and payable on said last-mentioned bond and mortgage, by virtue of the terms thereof, on January 1, 1894."

It is then found that in April, 1894, Mary A. Adams commenced an action to foreclose the mortgage of $3,650, and that that action resulted in a decree for the sale of the lands and premises conveyed by Bain to Kenyon to satisfy the $3,650 bond and mortgage; and on the 19th of November, 1894, they were sold by the sheriff, by virtue of the decree, and bid in by the plaintiff in this action for $3,563.90, which sum he paid; $330.72 thereof being the costs and expenses of said foreclosure action, and $233.18 being for accrued interest upon the principal sum of $3,000 then unpaid, and secured to be paid by said mortgage foreclosure. At the time of such purchase by the plaintiff, he was the owner of a mortgage for $20,632.04, and the equitable owner of the other mortgage given for $7,000, on which there re- · mained $3,000 of indebtedness. It is found as a fact that, before the commencement of this action, the plaintiff "demanded of the defendant that he pay to the plaintiff the amount of the damages sustained by the plaintiff in consequence of the failure and neglect of the defendant to pay the interest on $3,000 of the $3,650 mortgage, and on $3,000 of the $7,000 mortgage, according to the terms and conditions of said mortgages and the bonds accompanying the same." The appellant contends that the clause inserted ·in the deed given to him is not binding upon him. After the deed was made, it was recorded, and the contents thereof became known to the defendant, and he paid interest, as the stipulations in the deed required, on two occasions.

An action was brought to partition the lands, by one Mills against this defendant and several other persons who were interested in the property in 1894, and this plaintiff was made a party defendant in that action, and the answer of the plaintiff here, who was a defendant in that action, set up conveyance from Bain to Kenyon. The issues in that action were brought to trial at a special term, and the issues between White and Kenyon, as made by their respective answers, were passed upon in the findings made by that special term. It was found that:

"Harry N. Bain, and Ione, his wife, conveyed an undivided one-fifth of the premises described in the complaint to Huntington R. Kenyon, by deed dated November 7, 1892, acknowledged November 17, 1892, and recorded in Liber 675 of Deeds, at page 4, November 28, 1892; and in and by said deed the defendant Huntington R. Kenyon in substance covenanted and agreed to pay the interest upon said mortgage from July 1, 1892, according to the conditions thereof; but said Huntington R. Kenyon did not covenant and agree to pay the principal of said mortgage, but only took said deed to said undivided one-fifth of said premises subject thereto, as to the principal thereof, and subject to one-fifth of $4,209.02 in equity of assessments or taxes, if so much be a lien, thereon. The interest upon said mortgage is chargeable first and personally to Huntington R. Kenyon, and upon the land that shall be set aside to him; and, if he shall fail to pay it, then the defendant Harry N. Bain shall pay the principal and interest of said mortgage; and, if said Bain shall fail to pay it, then the defendant Truman C. White shall pay the principal and interest of said mortgage; * * * and, if the defendant Huntington R. Kenyon shall fail to pay the interest upon said mortgage according to the conditions thereof, a claim and demand shall exist against him personally for the amount of interest unpaid; and, if he shall fail to pay the principal of said mortgage, a legal and equitable claim and lien shall exist upon his land therefor. And any party paying the interest as aforesaid, or the principal as aforesaid, as the case may be, shall be subrogated to the rights of the party to whom it is paid, and shall be entitled to enforce the rights of the party to whom it is paid, against the person, or the land, or both, according as the person, or the land, or both, is liable therefor, in the order and to the extent aforesaid, as such legal or equitable claims or liens are enforced by foreclosure or otherwise."

That decision contains the following language:

"And I further decide, and accordingly direct, that an interlocutory and final judgment of partition shall be entered and partition shall be made in this action in accordance with this decision. * * *"

Near the close of the findings in that case is the following language:

"And I further decide and direct that interlocutory and final judgment in this action be entered to the effect aforesaid, and that the defendant Huntington R. Kenyon is not entitled to the affirmative relief demanded by him by a reformation of the deed of the one-fifth of the premises made by the defendant Bain to him."

Upon such decision being made, a judgment was entered thereon, which declared, among other things, viz.:

"The defendant, Huntington R. Kenyon, is personally liable as principal debtor to the payment of any unpaid interest that has accrued since July 1, 1892, or that may accrue hereafter, upon the sum of $3,000 of the mortgage for $3,650, owned by Mary A. Adams, as aforesaid, and for the payment of the interest that has accrued since July 1, 1892, or that may accrue hereafter, upon the sum of $3,000 of the mortgage of $7,000, formerly owned by Mary A. Adams, as aforesaid; and the share of the said Kenyon, as it shall be set off to him by commissioners herein, is hereby primarily charged with the payment of such interest, and with the payment of one-fifth of $4,209.02, taxes, and its share of any other assessments or taxes, if any, and with the payment, also, of the mortgage for $20,632.04, made by Harry N. Bain, as

aforesaid, and now owned by Truman C. White. If said Kenyon shall not pay the interest on said portions of said mortgages, according to their conditions, or any part thereof, then the said interest on $3,000 of the mortgage of $3,650 owned by Mary A. Adams shall be next paid by the defendant Harry N. Bain."

The judgment from which the quotations have just been made was entered on the 15th of November, 1894, having been approved by the justice presiding at the special term, upon whose decision it was based. Apparently, a motion was made to correct the judgment in several particulars, which motion was denied except in some minor respects as to costs. An appeal was taken from that judgment, and the same was affirmed (Mills v. Kenyon, 90 Hun, 606, 35 N. Y. Supp. 1112); and judgment of affirmance was entered on the 24th day of October, 1895. The trial judge who upheld the right of recovery of the plaintiff, in virtue of the language found in his deed, evidently regarded the question as having been passed upon in the partition action, and that there had been an adjudication of the issue raised by the defendant in this action in respect to the validity of the language found in the deed to the defendant. In addition to the force and effect of that judgment, it must be borne in mind the circumstances disclosed by the evidence in this case indicate that the defendant, after he became acquainted with the language or had an opportunity to become acquainted with the language in the deed to him, paid, in accordance with its stipulations, the interest upon two occasions. Blass v. Terry, 156 N. Y. 122, 50 N. E. 953. The findings of the trial judge in that regard should be sustained.

Inasmuch as this was an action at law, brought on the law side of the court, the plaintiff was entitled to recover only such sums as were due to him, and in arrear, at the time of the commencement of this action, to wit, on the 7th of January, 1895. In the plaintiff's complaint it is alleged that he has sustained damages for the sum of $541.36, paid as interest and costs at the foreclosure sale of the $3,650 mortgage, November 14, 1894, and that the sum of $541.36 was due to him by reason of such payment at the time of the commencement of this action; and in the further sum of $25, being the interest on $3,000 from November 19, 1894, to January 7, 1895; "in the sum of $92.88, being $90 of interest which fell due on $3,000 of the $7,000 bond and mortgage, according to their terms, on June 26, 1894," and the interest on the same to the 7th of January, 1895; and also "in the sum of $90.18, being $90 of interest which fell due on $3,000 of the $7,000 bond and mortgage December 26, 1894, and the interest on said $90," to the date of the commencement of the action,—which sums aggregate $649.42, as the same were stated and claimed by the plaintiff in his complaint in this action. We think the award of damages beyond the items just mentioned is erroneous, and that the judgment should be modified by reducing the recovery to the sum of $649.42, with interest thereon from the 7th day of January, 1895, and, as so modified, affirmed, without costs to either party of this appeal.

Judgment modified by reducing the recovery to the sum of $649.42, with interest thereon from the 7th day of January, 1895, and, as so modified, affirmed, without costs of this appeal to either party.